Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| CASE INFORMATION: | 25STCV29175 |
| Case Title: | GUESS, INC., ET AL. VS ZURICH AMERICAN INSURANCE COMPANY |
| Filing Courthouse: | Stanley Mosk Courthouse |
| Filing Date: | 10/6/2025 |
| Case Type: | Insurance Coverage (not complex) (General Jurisdiction) |
| Status: | Pending |

Click here to access document images for this case.

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

Print     New Search

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | | | | |
|---|---|---|---|---|
| **7/17/2026** | 09:00 | Department 3 | 111 North Hill Street, Los Angeles, CA 90012 | Case Management Conference |

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **GUESS EUROPE SAGL** | Plaintiff |
| **GUESS ITALIA S.R.L.** | Plaintiff |
| **GUESS? INC.** | Plaintiff |
| **OHANLON MATTHEW B.** | Attorney for Plaintiff |
| **SCHACK DAVID PAUL** | Attorney for Plaintiff |
| **YOSHIHARA-SAINT HIRA** | Attorney for Plaintiff |
| **ZURICH AMERICAN INSURANCE COMPANY** | Defendant |

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | | |
|---|---|---|
| **10/30/2025** | Proof of Personal Service | Filed by GUESS?, INC. (Plaintiff); GUESS ITALIA S.R.L. (Plaintiff); GUESS EUROPE SAGL (Plaintiff) |
| **10/10/2025** | Clerks Certificate of Service By Electronic Service | Filed by Clerk |

| 10/10/2025 | Notice of Case Management Conference | Filed by Clerk |
|---|---|---|
| 10/6/2025 | Alternative Dispute Resolution Packet | Filed by Clerk |
| 10/6/2025 | Civil Case Cover Sheet | Filed by GUESS?, INC. (Plaintiff); GUESS ITALIA S.R.L. (Plaintiff); GUESS EUROPE SAGL (Plaintiff) |
| 10/6/2025 | Complaint | Filed by GUESS?, INC. (Plaintiff); GUESS ITALIA S.R.L. (Plaintiff); GUESS EUROPE SAGL (Plaintiff) |
| 10/6/2025 | Notice of Case Assignment - Unlimited Civil Case | Filed by Clerk |
| 10/6/2025 | Summons | Filed by GUESS?, INC. (Plaintiff); GUESS ITALIA S.R.L. (Plaintiff); GUESS EUROPE SAGL (Plaintiff) |

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| 10/30/2025 | Proof of Personal Service; Filed by: GUESS?, INC. (Plaintiff); GUESS ITALIA S.R.L. (Plaintiff); GUESS EUROPE SAGL (Plaintiff); As to: ZURICH AMERICAN INSURANCE COMPANY (Defendant); Service Date: 10/09/2025; Service Cost: 195.00; Service Cost Waived: No |
|---|---|
| 10/10/2025 | Case Management Conference scheduled for 07/17/2026 at 09:00 AM in Stanley Mosk Courthouse at Department 3 |
| 10/10/2025 | Notice of Case Management Conference; Filed by: Clerk |
| 10/10/2025 | Clerks Certificate of Service By Electronic Service; Issued and Filed by: Clerk; As to: David Paul Schack (Attorney); Hira Yoshihara-Saint (Attorney); Matthew B. OHanlon (Attorney) |
| 10/6/2025 | Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk |
| 10/6/2025 | Alternative Dispute Resolution Packet; Filed by: Clerk |
| 10/6/2025 | Summons on Complaint; Issued and Filed by: GUESS?, INC. (Plaintiff); GUESS ITALIA S.R.L. (Plaintiff); GUESS EUROPE SAGL (Plaintiff); As to: ZURICH AMERICAN INSURANCE COMPANY (Defendant) |
| 10/6/2025 | Civil Case Cover Sheet; Filed by: GUESS?, INC. (Plaintiff); GUESS ITALIA S.R.L. (Plaintiff); GUESS EUROPE SAGL (Plaintiff); As to: ZURICH AMERICAN INSURANCE COMPANY (Defendant) |
| 10/6/2025 | Complaint; Filed by: GUESS?, INC. (Plaintiff); GUESS ITALIA S.R.L. (Plaintiff); GUESS EUROPE SAGL (Plaintiff); As to: ZURICH AMERICAN INSURANCE COMPANY (Defendant) |
| 10/6/2025 | Case assigned to Hon. Lia Martin in Department 3 Stanley Mosk Courthouse |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>ZURICH AMERICAN INSURANCE COMPANY, a corporation; and DOES 1 through 100, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>GUESS?, INC., a corporation; GUESS ITALIA S.R.L., a limited liability company; and GUESS EUROPE SAGL, a limited liability company, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/06/2025 3:40 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Villchis-David, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br><br>111 N. Hill Street<br>Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>25STCV29175 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David P. Schack, 2029 Century Park East, Suite 300, Los Angeles, CA 90067 / 310-284-3880

| DATE:<br>*(Fecha)* 10/06/2025 | David W. Slayton, Executive Officer/Clerk of Court | , Clerk, by A. Villchis-David | , Deputy<br>*(Adjunto)* |
|---|---|---|---|
| | | *(Secretario)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ZURICH AMERICAN INSURANCE COMPANY, a corportion

    under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/9/25

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*

  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

### Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
David P. Schack (SBN 106288); Matthew B. O'Hanlon (SBN 253648),
Barnes & Thornburg LLP
2029 Century Park East, Suite 300, Los Angeles, CA 90067
TELEPHONE NO.: 310-284-3880   FAX NO. (Optional): 310-284-3894
E-MAIL ADDRESS: david.schack@btlaw.com; matthew.ohanlon@btlaw.com
ATTORNEY FOR (Name): Plaintiffs Guess?, Inc., Guess Italia S.r.l., and Guess Europe Sagl

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**10/06/2025 3:40 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By A. Villchis-David, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Guess?, Inc. et al. v. Zurich American Insurance Company et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 25STCV29175 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[x] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 3: breach of contract; tortious breach of contract; and unfair competition
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 1, 2025

Matthew B. O'Hanlon
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE GUESS?, INC. et al. v. ZURICH AMERICAN INSURANCE COMPANY et al. | CASE NUMBER 25STCV29175 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE GUESS?, INC. et al. v. ZURICH AMERICAN INSURANCE COMPANY et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☒ 1801 Insurance Coverage (not complex) | 1, ②, 5, 8 |

| SHORT TITLE GUESS?, INC. et al. v. ZURICH AMERICAN INSURANCE COMPANY et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE GUESS?, INC. et al. v. ZURICH AMERICAN INSURANCE COMPANY et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE GUESS?, INC. et al. v. ZURICH AMERICAN INSURANCE COMPANY et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11 | ADDRESS:<br><br>1444 South Alameda Street | |
|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90021 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>October 1, 2025</u>

*Matthew O'Hanlon*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**10/06/2025 3:40 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By A. Villchis-David, Deputy Clerk**

1  **BARNES & THORNBURG LLP**
   David P. Schack (SBN 106288)
2  david.schack@btlaw.com
   Matthew B. O'Hanlon (SBN 253648)
3  matthew.ohanlon@btlaw.com
   Hira Yoshihara-Saint (SBN 347012)
4  hira.saint@btlaw.com
   2029 Century Park East, Suite 300
5  Los Angeles, CA 90067-3012
   Telephone: 310-284-3880
6  Facsimile:  310-284-3894

7  Attorneys for Plaintiffs Guess?, Inc., Guess Italia
8  S.r.l., and Guess Europe Sagl

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       FOR THE COUNTY OF LOS ANGELES

12

13 | GUESS?, INC., a corporation; GUESS ITALIA | Case No.  25STCV29175
14 | S.R.L., a limited liability company; and GUESS EUROPE SAGL, a limited liability company, |
   |                                           | **COMPLAINT FOR:**
15 |                     Plaintiffs,           |
   |                                           | 1)  **BREACH OF CONTRACT;**
16 |              v.                           | 2)  **BREACH OF CONTRACT;**
   |                                           | 3)  **BREACH OF CONTRACT;**
17 | ZURICH AMERICAN INSURANCE                 | 4)  **BREACH OF CONTRACT;**
   | COMPANY, a corporation; and DOES 1 through| 5)  **BREACH OF CONTRACT;**
18 | 100, inclusive,                           | 6)  **TORTIOUS BREACH OF**
   |                                           |     **CONTRACT;**
19 |                     Defendants.           | 7)  **DECLARATORY RELIEF; AND**
   |                                           | 8)  **UNFAIR COMPETITION**

20

21

22

23

24

25

26

27

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

48948301.4

**COMPLAINT**

Plaintiffs Guess?, Inc., Guess Italia S.r.l., and Guess Europe Sagl (collectively, the "Insureds") allege as follows:

## FIRST CAUSE OF ACTION

(Breach of Contract by Guess?, Inc. Against Defendants Zurich American Insurance Company and Does 1 through 100, inclusive)

1.    Plaintiff Guess?, Inc. ("Guess") is, and at all relevant times has been, a corporation doing business in Los Angeles County, California.

2.    Guess is informed and believes, and on the basis of such information and belief alleges, that Defendant Zurich American Insurance Company ("Zurich") is, and at all relevant times has been:  (a) a corporation; and (b) is engaged in the business of providing insurance to persons and entities in Los Angeles County, California.

3.    The names and true capacities, whether individual, corporate or otherwise, of the defendants named herein as Does 1 through 100, inclusive, are unknown to the Insureds, who therefore sue said defendants by such fictitious names.  The Insureds are informed and believe, and on the basis of such information and belief allege, that Does 1 through 100, inclusive, or some of them, participated in some or all of the acts as hereinafter alleged and are liable to the Insureds.  Zurich and Does 1 through 100, inclusive, are sometimes hereinafter referred to as "Defendants."

4.    Zurich issued the following international general liability policies, among others and without limitation, to Guess for the following policy periods bearing, *inter alia*, the following policy numbers:  Policy No. ZE 5574490-05 (May 1, 2017 to May 1, 2018); Policy No. ZE 5574490-06 ((May 1, 2018 to May 1, 2019); Policy No. ZE 5574490-07 (May 1, 2019 to May 1, 2020); Policy No. ZE 5574490-08 (May 1, 2020 to May 1, 2021); Policy No. ZE 5574490-09 (May 1, 2021 to May 1, 2022); Policy No. ZE 5574490-10 (May 1, 2022 to May 1, 2023); Policy No. ZE 5574490-11 (May 1, 2023 to May 1, 2024) (hereinafter, the "Policies").  Co-plaintiffs Guess Europe Sagl and Guess Italia S.r.l. are also insureds under the Policies.

5.    The Policies contain, *inter alia*, Section B covering "Personal and Advertising Injury Liability" and provide that "[w]e will pay those sums that the insured becomes legally obligated to pay as damages because of **personal and advertising injury** to which this insurance applies…. We

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

48948301

1

COMPLAINT

1  will have the right and duty to defend the insured against any **suit** seeking those damages.... We

2  may, at our discretion, investigate any offense and settle any claim or **suit** that may result."

3      6.      The Policies apply to "'personal and advertising injury' only if the 'personal and

4  advertising injury' is caused by an offense arising out of your business that was committed: (1) In

5  the 'coverage territory' during the policy period and any 'suit' is brought in the 'coverage territory'

6  or the United States of America (including its territories and possessions), Canada or Puerto Rico; or

7  (2) In the United States of America (including its territories and possessions), Canada or Puerto Rico

8  during the policy period provided the insured's responsibility to pay damages is determined in a 'suit'

9  on the merits brought in the 'coverage territory'.'"

10      7.      The Policies define "coverage territory" as "anywhere in the world except: **a.** The

11  United States of America (including its territories and possessions), Canada and Puerto Rico; and **b.**

12  Anywhere that is subject to trade or other economic sanction or embargo by the United States of

13  America."

14      8.      With respect to the Policies' coverage for "personal and advertising injury," the

15  Policies do not provide for any deductible or self-insured retention.

16      9.      The Policies define "personal and advertising injury" to include, among other things,

17  "[i]nfringing upon another's copyright, trade dress or slogan in your **advertisement**."

18      10.     The Policies define "suit" as, *inter alia*, "a civil proceeding in which damages because

19  of **bodily injury, property damage** or **personal and advertising** injury to which this insurance

20  applies are alleged. **Suit** includes:  **a.** An arbitration proceeding in which such damages are claimed

21  and to which the insured must submit or does submit with our consent; or **b.** Any other alternative

22  dispute resolution proceeding in which such damages are claimed and to which the insured submits

23  with our consent."

24      11.     Under the Policies, "[a]dvertisement means a notice that is broadcast or published to

25  the general public or specific market segments about your goods, products or services for the purpose

26  of attracting customers or supporters. For the purposes of this definition:  a. Notices that are

27  published include material placed on the Internet or on similar electronic means of communication;

28  and b. Regarding web sites, only that part of a web site that is about your goods, products or services

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

48948301                                    2
                                    COMPLAINT

1    for the purposes of attracting customers or supporters is considered an advertisement."

2         12.    Patrick Griffin and Robin Ronn asserted claims against Guess resulting in a "suit"

3    under the meaning of the Policies (the "Griffin/Ronn Suit").

4         13.    Guess gave notice of, and tendered indemnity and the defense of, the Griffin/Ronn

5    Suit to Zurich under the Policies.

6         14.    In the Griffin/Ronn Suit, Griffin and Ronn asserted, *inter alia*, claims for damages

7    which fall within the Policies' coverage for "Personal and advertising injury," including, without

8    limitation, claims for alleged infringement of copyright in Guess' advertisement within the "coverage

9    territory" of the Policies.

10         15.    The allegations of the Griffin/Ronn Suit triggered Zurich's obligation to, *inter alia*,

11    defend Guess under the Policies.

12         16.    Guess has duly performed all conditions required under the aforesaid Policies, except

13    any that were excused by Zurich's breaches and/or other conduct.

14         17.    Zurich has failed and refused to defend Guess under the Policies.

15         18.    Zurich has breached its duty to defend and indemnify Guess in connection with the

16    Griffin/Ronn Suit under the Policies.

17         19.    As a direct and proximate cause of Zurich's breaches, Guess has suffered damages in

18    an amount to be established at trial in this matter.

19    **SECOND CAUSE OF ACTION**

20    (Breach of Contract by Guess?, Inc. Against Defendants Zurich American Insurance Company and

21    Does 1 through 100, inclusive)

22         20.    The Insureds incorporate by reference each and every allegation contained in

23    Paragraphs 1 through 19 above as though fully set forth herein.

24         21.    Universal Music Group and Universal Music Publishing Group ("collectively,

25    "UMG") asserted claims against Guess resulting in a "suit" under the meaning of the Policies (the

26    "UMG Suit").

27         22.    Guess gave notice of, and tendered indemnity and the defense of, the UMG Suit to

28    Zurich under the Policies.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

48948301                                    3
                                   **COMPLAINT**

23.     In the UMG Suit, UMG asserted, *inter alia*, claims for damages which fall within the Policies' coverage for "Personal and advertising injury," including, without limitation, claims for alleged infringement of copyright in Guess' advertisement within the "coverage territory" of the Policies.

24.     The allegations of the UMG Suit triggered Zurich's obligation to, *inter alia*, defend Guess under the Policies.

25.     Guess has duly performed all conditions required under the aforesaid Policies, except any that were excused by Zurich's breaches and/or other conduct.

26.     Zurich has failed and refused to defend Guess under the Policies.

27.     Zurich has breached its duty to defend and indemnify Guess in connection with the UMG Suit under the Policies.

28.     As a direct and proximate cause of Zurich's breaches, Guess has suffered damages in an amount to be established at trial in this matter.

## THIRD CAUSE OF ACTION

(Breach of Contract by Guess?, Inc. and Guess Italia S.r.l. Against Defendants Zurich American Insurance Company and Does 1 through 100, inclusive)

29.     The Insureds incorporate by reference each and every allegation contained in Paragraphs 1 through 28 above as though fully set forth herein.

30.     Plaintiff Italia S.r.l. ("Guess Italia") is a limited liability company organized under the laws of Italy.

31.     Piaggio & C. SpA. ("Piaggio") filed a lawsuit in Italy against Guess and Guess Italia (the "Piaggio Suit").

32.     Guess and Guess Italia gave notice of, and tendered indemnity and the defense of, the Piaggio Suit to Zurich under the Policies.

33.     In the Piaggio Suit, Piaggio asserted, *inter alia*, claims for damages which fall within the Policies' coverage for "Personal and advertising injury," including, without limitation, claims for alleged infringement of copyright in Guess' advertisement within the "coverage territory" of the Policies.

34.     The allegations of the Piaggio Suit triggered Zurich's obligation to, *inter alia*, defend Guess and Guess Italia under the Policies.

35.     Guess and Guess Italia have duly performed all conditions required under the aforesaid Policies, except any that were excused by Zurich's breaches and/or other conduct.

36.     Zurich has failed and refused to defend Guess and Guess Italia under the Policies.

37.     Zurich has breached its duty to defend Guess and Guess Italia in connection with the Piaggio Suit the Policies.

38.     As a direct and proximate cause of Zurich's breaches, Guess has suffered damages in an amount to be established at trial in this matter.

## FOURTH CAUSE OF ACTION

(Breach of Contract by Guess Italia S.r.l. and Guess Europe Sagl Against Defendants Zurich American Insurance Company and Does 1 through 100, inclusive)

39.     The Insureds incorporate by reference each and every allegation contained in Paragraphs 1 through 38 above as though fully set forth herein.

40.     Plaintiff Guess Europe Sagl ("Guess Europe") is a limited liability company organized under the laws of Switzerland.

41.     AirWair International Limited  ("AirWair") filed a lawsuit in Italy against Guess Italia and Guess Europe (the "AirWair Suit").

42.     Guess Italia and Guess Europe gave notice of, and tendered indemnity and the defense of, the AirWair Suit to Zurich under the Policies.

43.     In the AirWair Suit, AirWair asserted, *inter alia*, claims for damages which fall within the Policies' coverage for "Personal and advertising injury," including, without limitation, claims for alleged infringement of trade dress in Guess Italia and Guess Europe's advertisement within the "coverage territory" of the Policies.

44.     The allegations of the AirWair Suit triggered Zurich's obligation to, *inter alia*, defend Guess Italia and Guess Europe under the Policies.

45.     Guess Italia and Guess Europe have duly performed all conditions required under the aforesaid Policies, except any that were excused by Zurich's breaches and/or other conduct.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

48948301                                5
**COMPLAINT**

46.     Zurich has failed and refused to defend Guess Italia and Guess Europe under the Policies.

47.     Zurich has breached its duty to defend Guess Italia and Guess Europe in connection with the AirWair Suit under the Policies.

48.     As a direct and proximate cause of Zurich's breaches, Guess has suffered damages in an amount to be established at trial in this matter.

## FIFTH CAUSE OF ACTION

(Breach of Contract by Guess?, Inc., Guess Italia S.r.l. and Guess Europe Sagl Against Defendants Zurich American Insurance Company and Does 1 through 100, inclusive)

49.     The Insureds incorporate by reference each and every allegation contained in Paragraphs 1 through 48 above as though fully set forth herein.

50.     Autumnpaper Limited  ("Autumnpaper") filed a lawsuit in Italy against the Insureds (the "Autumnpaper Suit").

51.     The Insureds gave notice of, and tendered indemnity and the defense of, the Autumnpaper Suit to Zurich under the Policies.

52.     In the Autumnpaper Suit, Autumnpaper  asserted, *inter alia*, claims for damages which fall within the Policies' coverage for "Personal and advertising injury," including, without limitation, claims for alleged infringement of copyright in the Insureds' advertisement within the "coverage territory" of the Policies.

53.     The allegations of the Autumnpaper Suit triggered Zurich's obligation to, *inter alia*, defend the Insureds under the Policies.

54.     The Insureds have duly performed all conditions required under the aforesaid Policies, except any that were excused by Zurich's breaches and/or other conduct.

55.     Zurich has failed and refused to defend Guess under the Policies.

56.     Zurich has breached its duty to defend and indemnify the Insureds in connection with the Autumnpaper Suit under the Policies.

57.     As a direct and proximate cause of Zurich's breaches, the Insureds have suffered damages in an amount to be established at trial in this matter.

## SIXTH CAUSE OF ACTION

(Tortious Breach of Contract by the Insureds Against Defendants Zurich American Insurance
Company and Does 1 through 100, inclusive)

58.     The Insureds incorporate by reference each and every allegation contained in
Paragraphs 1 through 57 above as though fully set forth herein.

59.     The aforesaid Policies each contain an implied covenant of good faith and fair dealing
requiring, *inter alia*, that Zurich act in good faith and deal fairly with the Insureds and take no action
to interfere with the Insureds' rights to receive benefits which the Insureds reasonably expected to
receive under the Policies.  Zurich tortiously breached that implied covenant of good faith and fair
dealing, as hereinabove alleged, in that it, among other things:

(a)     Wrongfully, intentionally, unreasonably and in bad faith refused to honor its
obligations under the Policies;

(b)     Wrongfully and in bad faith engaged in an unreasonable and arbitrary
interpretation of the Policies;

(c)     Wrongfully, intentionally, unreasonably and in bad faith breached its duty to
defend the Insureds from the subject suits;

(d)     Fraudulently misrepresented and falsely promised that it would defend the
Insureds for covered claims under the Policies when it had no intention of
doing so;

(e)     Wrongfully, intentionally, unreasonably and in bad faith failed and refused to
inform the Insureds of the Insureds' rights under the Policies, but instead
sought to impose impermissible conditions on those benefits;

(f)     Wrongfully, intentionally, unreasonably and in bad faith engaged in improper
delays, failures to perform and other delaying tactics;

(g)     Wrongfully, intentionally, unreasonably and in bad faith forced the Insureds to
incur the expense of filing the within action to recover benefits owing under
the Policies;

(h)     Wrongfully, intentionally, unreasonably and in bad faith placed its own

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

48948301

7

COMPLAINT

interests above those of its Insureds;

    (i)    Wrongfully, intentionally, and unreasonably and in bad faith asked for information and documents that were not reasonably necessary to evaluate the subject suits; and

    (j)    Wrongfully, intentionally, unreasonably and in bad faith failed and refused to provide the benefits owing under the Policies.

60.    The Insureds are informed and believe, and based thereupon allege, that Zurich has engaged in a knowing, malicious, bad faith course of company-wide conduct designed to intentionally and fraudulently deprive the Insureds and Zurich's other respective policyholders of the benefits which those policyholders are entitled under various insurance policies issued by Zurich.

61.    As a direct, proximate and foreseeable result of the aforesaid intentional and wrongful conduct, the Insureds have suffered damages in an amount to be proven at trial.

62.    In order to recover the policy benefits sought herein, and as a result of Zurich's bad faith and tortious breaches of contract, the Insureds have been and will be forced to incur attorneys' fees, and related expenses and costs.

63.    The Insureds are informed and believe, and on that basis allege, that Zurich engaged in the aforesaid conduct: (a) with a willful and conscious disregard of the rights of the Insureds; (b) with the intent to injure the Insureds; and (c) in order to subject the Insureds to cruel and unjust hardships in disregard of their rights such as to constitute oppression, fraud and malice under California Civil Code Section 3294.  By reason of the foregoing, the Insureds are entitled to recover damages from Zurich for the sake of example and to punish and deter Zurich in a sum to be determined by the trier of fact.

## SEVENTH CAUSE OF ACTION

(Declaratory Relief Against Defendants Zurich American Insurance Company and Does 1 through 100, inclusive)

64.    The Insureds incorporate by reference each and every allegation contained in Paragraphs 1 through 63 above as though fully set forth herein.

65.    An actual, present and justifiable controversy exists between the Insureds and Zurich

with respect to the Insureds' rights and Zurich's duties under the insurance policies identified in this third cause of action as follows:

    (a)    Zurich has an obligation to defend and indemnify Guess in connection with the UMG Suit under the Policies, as opposed to under separate domestic commercial general liability policies issued by Zurich to Guess;

    (b)    Zurich has an obligation to defend and indemnify Guess in connection with the Griffin/Robin Suit under the Policies, as opposed to under separate domestic commercial general liability policies issued by Zurich to Guess;

    (c)    Zurich has a duty to defend and indemnify the Insureds, as applicable, in connection with the Piaggo Suit, the AirWair Suit, and the Autumnpaper Suit under the Policies;

    (d)    The physical location from which the Insureds uploaded allegedly infringing content is irrelevant to where alleged infringement occurred for purposes of coverage under the Policies; and

    (e)    An offense causing advertising injury is committed in a particular coverage territory whenever it is transmitted to the public in that coverage territory through the internet or otherwise.

66.    The Insureds are informed and believe, and on the basis of such information and belief allege, that Zurich disputes the aforesaid contention and contends otherwise.

67.    The Insureds are entitled to a declaration of their rights and Zurich's duties under the Policies:  (a) to avoid a multiplicity of actions; (b) so that the parties will know their rights, duties and obligations under the policies identified in this second cause of action; and (c) so that the Insureds will receive the benefits under said Policies.  Specifically, the Insureds are entitled to a declaration that their contentions, as set forth in Paragraph 65, are correct.

## EIGHTH CAUSE OF ACTION

### (Unfair Competition Against Zurich)

68.    The Insureds incorporate by reference each and every allegation contained in Paragraphs 1 through 67 above as though fully set forth herein.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

48948301

9

**COMPLAINT**

69.    Zurich's conduct alleged herein constitutes unlawful, unfair and fraudulent business practices in violation of the California Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200 *et seq.*)  Among other things, and without limitation, Zurich's bad faith refusal to comply with its defense obligations in connection with the subject suits was unlawful, unfair and fraudulent and constituted a tortious breach of the Policies as hereinabove alleged.

70.    The Insureds have lost money as a result of Zurich's unfair competition.

71.    In light of the foregoing, the Insureds are entitled to an injunction under the UCL restraining Zurich from engaging in the unlawful, unfair and fraudulent conduct alleged herein, as well as to restitution of those amounts obtained by Zurich through its unfair competition.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

48948301

10

COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, the Insureds, as applicable, pray for judgment as follows:

1.      Under the First Cause of Action, for compensatory damages according to proof;

2.      Under the Second Cause of Action, for compensatory damages according to proof;

3.      Under the Third Cause of Action, for compensatory damages according to proof;

4.      Under the Fourth Cause of Action, for compensatory damages according to proof;

5.      Under the Fifth Cause of Action, for compensatory damages according to proof, punitive damages according to proof, and reasonable attorney's fees and costs incurred in obtaining the benefits due under the Policy;

6.      Under the Sixth Cause of Action, for a declaration of parties' rights, duties and obligations under the subject policies, and specifically a declaration that the Insureds' contentions are correct;

7.      Under the Seventh Cause of Action, for restitution and temporary, preliminary and permanent injunctive relief restraining Zurich from engaging in acts of unfair competition as alleged herein;

8.      For pre-judgment interest in accordance with law;

9.      For expenses and costs incurred herein; and

10.     For such other and further relief as this Court deems just and proper.

**BARNES & THORNBURG LLP**

Dated:  October 2, 2025              By: _____

David P. Schack
Matthew B. O'Hanlon
Hira Yoshihara-Saint
Attorneys for Plaintiffs Guess?, Inc., Guess
Italia S.r.l., and Guess Europe Sagl

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

48948301                                   11
                                    **COMPLAINT**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/06/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Villchis _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25STCV29175 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Lia Martin | 3 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _10/06/2025_
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By A. Villchis _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**